UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Carolynn Elizabeth Wood, | ) | Civil Action No.: 2:18-cv-00328-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| United States of America, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Carolynn Elizabeth Wood, a non-prisoner proceeding pro se, has filed a petition for a writ of habeas corpus. *See* ECF No. 1. The matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker,[1] who recommends summarily dismissing the petition, denying a certificate of appealability, and denying her motion to seal and motion for discovery. *See* ECF Nos. 9 & 16.

## Legal Standard

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion[2]

On February 6, 2018, Petitioner filed her habeas petition—in person at the Columbia courthouse—challenging her involuntary civil commitment that was imposed by state probate court in March 2017 and lasted six days.[3] *See* ECF No. 1. The Magistrate Judge recommends summarily dismissing the petition. *See* R & R at pp. 1, 17. Although Petitioner lodges various objections to the R & R, *see* ECF No. 16, the Court agrees with the Magistrate Judge that Petitioner is not entitled to relief for a simple reason: she was not in custody when she filed her petition. *See* R & R at pp. 6–10.

Initially, the Court notes that although Petitioner purported to file her habeas petition "under 28 U.S.C. § 2254" (and the Magistrate Judge analyzed it under § 2254), *see* ECF No. 1 at p. 1, it is properly construed as a petition under 28 U.S.C. § **2241**. *See Muhammad v. Geo Care Justcare Dep't of Mental Health*, No. 3:11-cv-02396-CMC, 2011 WL 5827627, at *1 (D.S.C. Nov. 16, 2011) ("Where the

---

[2] The R & R throughly summarizes the relevant facts and applicable law.

[3] Petitioner submitted a supporting memorandum and numerous attachments with her petition, all of which the Court has thoroughly reviewed and considered. *See* ECF Nos. 1-1 through 1-12. Petitioner alleges she traveled to Edisto Beach, South Carolina, on March 17, 2017, "discovered that she had forgotten her medication for her neurological condition, Pseudotumor Cerebri," and was subsequently "involuntarily committed to a privately-owned mental hospital." ECF No. 1-1 at p. 3. Based on Petitioner's filings, it appears the Greenville County Probate Court committed her to Springbrook Behavioral Health Care in Traveler's Rest, South Carolina, for a commitment period not to exceed ten days (of which Petitioner served six).

2

impediment which significantly restrains Petitioner's liberty is not the result of a state criminal conviction and sentence, such as in the circumstance of . . . involuntary civil commitment of mental evaluation/treatment areas, the federal habeas corpus statute to be applied is 28 U.S.C. § 2241."), *aff'd*, 472 F. App'x 160 (4th Cir. 2012); *see also Miller v. Blalock*, 356 F.2d 273 (4th Cir. 1966) (involuntary commitment for mental treatment); *Gaster v. S.C. Dep't of Corr.*, 67 F. App'x 821, 2003 WL 21465454, at n.* (4th Cir. 2003) ("Although Gaster originally filed the petition under 28 U.S.C. § 2254, because he challenged the constitutionality of a state civil commitment, the magistrate judge properly characterized it as a petition under 28 U.S.C. § 2241.").[4]

Regardless, § 2241 (like § 2254) requires that the applicant be "in custody" when she files the petition. 28 U.S.C. § 2241(c); *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear, not only from the language of §§ 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010); *Dragenice v. Ridge*, 389 F.3d 92, 98 (4th Cir. 2004). If the applicant is not in custody, the Court lacks jurisdiction over the habeas petition and must dismiss it. *See Bernard v. Garraghty*, 934 F.2d 52, 53–54 (4th Cir. 1991) ("Federal courts may only take jurisdiction over a petition for a writ of habeas corpus when the [applicant] is 'in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. §§ 2241(c)(3), 2254(a).").

---

[4] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." A district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Here, Petitioner was not in custody at the time she filed her habeas petition. When she filed it—in person at the Columbia courthouse in February 2018—she had been released from her brief civil commitment nearly a year earlier and had a North Carolina address.[5] Accordingly, the Court lacks jurisdiction over her habeas petition and must dismiss it.[6]

## **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Fourth Circuit has held that a district court's order denying relief on a petition pursuant to 28 U.S.C. § 2241 is not appealable unless a circuit justice or judge issues a certificate of appealability. *See, e.g.*, *Garvin v. Wright*, 583 F. App'x 287 (4th Cir. 2014) (citing 28 U.S.C. § 2253(c)(1)(A)). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

---

[5] After the Magistrate Judge issued the R & R, Petitioner submitted a notice of change of address indicating she now resides in Arizona. *See* ECF No. 11. Even assuming *arguendo* that Petitioner had been in custody when she filed her habeas petition, the petition would be moot based on the fact that she is not presently in custody. *See, e.g.*, *Alston v. Adams*, 178 F. App'x 295 (4th Cir. 2006) (finding a § 2241 petition moot because the applicant was no longer in custody).

[6] Perhaps anticipating the "in custody" requirement, Petitioner discusses in her petition "the collateral consequences she continues to suffer" as a result of her involuntary commitment. *See* ECF No. 1-1 at pp. 4–8. She also mentions "collateral consequences" in her objections. *See* ECF No. 16 at p. 11. However, as the Magistrate Judge explains, *see* R & R at pp. 9–10, "[o]nce the sentence imposed . . . has completely expired, the collateral consequences . . . are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Additionally, Petitioner alleges that "while physically detained in the mental hospital, [she] handwrote an eight-page Petition for Writ of Habeas Corpus relief and filed it with the staff at Springbrook Behavioral Health Center." ECF No. 1-1 at p. 5. Petitioner also refers to the handwritten petition in her objections. *See* ECF No. 16 at pp. 2–3. However, that petition was her state habeas petition filed in the South Carolina Supreme Court in 2017, *see* ECF No. 1-4, not the instant federal habeas petition filed in this Court in 2018. *Contra Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for [federal] habeas corpus is filed.").

The Court also agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief for the additional reasons outlined in the R & R. *See* R & R at pp. 4 n.3, 8 n.9, 10–14. Finally, the Court notes Petitioner does not specifically object to the Magistrate Judge's recommendation that her motion to seal and motion for discovery should be denied. The Court finds no clear error in this recommendation, *see Diamond* & *Camby*, *supra*, and will therefore deny Petitioner's motions.

*also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate (1) the dispositive procedural ruling is debatable and (2) the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

Based upon the foregoing, the Court overrules Petitioner's objections and adopts as modified the Magistrate Judge's R & R [ECF No. 9] to the extent it is consistent with this Order. Accordingly, the Court **DISMISSES** Petitioner's habeas petition *without prejudice*. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). The Court **DENIES** Petitioner's motion to seal and motion for discovery [ECF Nos. 2 & 6].

**IT IS SO ORDERED.**

Florence, South Carolina  
July 23, 2018

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge